**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| T-12 Entertainment,LLC, and Kareem Hawthorne<br><br>      Plaintiffs,<br><br>v.<br><br>Young Kings Enterprises, Inc., Ego Entertainment, LLC, Troy Williams, Anthony Adighibe, Charles Bryant Bourgeois, Desmond Key, Dae'shawn Shelton, Fred Clark, and Korey Felder<br><br>      Defendants. | CIVIL ACTION NO.<br>1:14-cv-00841-TCB |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

      COME NOW, Defendants Korey Felder, Desmond Key and Young Kings Enterprises, Inc., in the above styled action, hereinafter referred collectively to as ("Defendants"), by and through its undersigned counsel, and hereby file this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint in its entirety for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) and for insufficient service pursuant to Fed. R. Civ. Pro 12(b)(5).

<u>**INTRODUCTION**</u>

      Plaintiffs' Complaint ("Complaint"), which was filed on

March 24, 2014, purports to assert claims of trademark infringement, false designation of origin and unfair competition pursuant to the Lanham Act, 15 U.S.C § 1125 (a). (Complaint, ¶ 1, 13). Plaintiffs and Defendants are in the business of, amongst other things, planning and hosting Spring Break events in Miami, Florida. From 2010 to 2013 Plaintiffs and Defendants financed, planned and hosted some or all Spring Break events in Miami, Florida under the name "I Plead The Fifth" collectively. Plaintiffs have alleged that they have "developed trademark rights"[1] in the name "I Plead The Fifth" in relation to Spring Break events in the Miami, Florida area. (Complaint, ¶ 25). Plaintiffs' further allege that "I Plead The Fifth" is distinctive and has acquired secondary meaning among the consuming public. (Complaint, ¶ 38). While Plaintiffs' Complaint alleges trademark infringement and unfair competition concerning the "I Plead The Fifth" mark, it fails to include any specific facts sufficient to state a viable cause of action under 15 U.S.C § 1125 (a). Accordingly, Plaintiffs' Complaint should be dismissed as a matter of law. Additionally, as shown by entry

---

[1] The Plaintiff fails to provide any facts as to how these "trademark rights were developed..." Since the Plaintiff makes no allegations that the slogans are duly registered under the Federal Trademark Act pursuant to 15 U.S.C 1114 (a), then it is possible that the Plaintiffs are seeking rights to the slogans under some common law theory. However, since the pleadings are inartful, it is impossible to determine from the face of the pleadings the basis of the Plaintiffs' alleged ownership of the slogans.

of service filed in this case, the Plaintiffs failed to perfect service on Defendants Desmond Key and Young Kings Enterprises, Inc.

## STATEMENT OF FACTS AS ALLEGED IN COMPLAINT

Plaintiffs' Complaint alleges that they are engaged in the business of planning and hosting Spring Break events. (Complaint, ¶ 17). Plaintiffs' allege that in 2009 they developed a new theme of Spring Break events in Miami entitled "I Plead The Fifth." (Complaint, ¶ 18). Plaintiffs allege that from 2010 to 2013 Plaintiffs and Defendants planned and hosted "I Plead The Fifth" Spring Break events in the Miami, Florida area. (Complaint, ¶ 23,24). As a result, Plaintiffs allege that they have developed trademark rights in the "I Plead the Fifth" name as it relates to Spring Break events in the Miami, Florida area. (Complaint, ¶ 25). In 2014, Plaintiffs allege they learned that Defendants were planning to put on their own series of Spring Break events under the "I Plead the Fifth" name in Miami, Florida. (Complaint, ¶ 26). Plaintiffs further allege that the Defendants planned events, were substantially identical (Complaint, ¶ 28) to the Plaintiffs' events that were co-hosted by Defendants in 2010 through 2013. (Complaint, ¶ 24). As a

3

result, Plaintiffs allege that the Defendants planned events would create an extreme likelihood of confusion in the consuming public. (Complaint, ¶ 29). Plaintiffs further allege that, Defendants planned events prevented Plaintiffs from hosting "I Plead The Fifth" Spring Break events in Miami, Florida this year. (Complaint, ¶ 30). On or around February 27, 2014, Plaintiffs contacted Defendants, through counsel, demanding that Defendants cease alleged infringement. (Complaint, ¶ 31). On or about March 3, 2014 Defendant, Young Kings Enterprises, Inc., responded to Plaintiffs' letter, through undersigned counsel, (Complaint, ¶ 32) denying infringing activities and stated that they would abandon the "I Plead the Fifth" name entirely (Complaint, ¶ 32). As a result, Plaintiffs allege that Defendants changed their 2014 Spring Break event to "What Happens in Miami Stays in Miami." (Complaint, ¶ 33). Plaintiffs further allege that Defendants new name "What Happens in Miami Stays in Miami" is also "commonly used" with the slogan, "I Plead the Fifth."( Complaint, ¶ 33). Plaintiffs finally allege that even if Defendants avoided infringement by changing the Spring Break event name to "What Happens in Miami Stays in Miami" Defendants were still using previous years "I Plead the Fifth" video in advertising (Complaint, ¶ 34)).

4

## STANDARD OF REVIEW

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Instead, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) (quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

5

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555; accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level," *i.e.*, they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations omitted) (emphasis omitted).  "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'"  Stephens, 500 F.3d at 1282 (citing Twombly, 550 U.S. at 557, 559).  Iqbal, 556 U.S. at 1949 (quoting Twombly, 550 U.S. at 555). "

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("Dismissal is appropriate . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Ague v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**I.   Plaintiffs' Complaint Must Be Dismissed Because Plaintiff Has Failed To Allege Facts Sufficient to Support a Claim Under the Lanham Act, 15 U.S.C. § 1125(a).**

**A. Plaintiffs' Complaint is a shotgun pleading that should be dismissed.**

Plaintiffs' Complaint fails to state a proper claim against Defendants.  Fed. R. Civ. Pro. 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require that Plaintiff provide detailed factual allegations, "but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 556 U.S. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id</u>.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Id</u>. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inferences that the defendant is liable for the misconduct alleged." Id. Here, the Plaintiffs have failed to allege facts that are plausible on their face as opposed to attempting to create some far-fetched possibilities.

Making allegations in the complaint regarding the operative facts of a case, without subsequently associating any claim with its operative facts, is known in this Circuit as a "shotgun pleading." See Schowalter v. Ridge, 2009 U.S. Dist. LEXIS 26165 (N.D. Ga. Mar. 27, 2009) ("[A]n example of a shotgun pleading is where a [p]laintiff makes no effort to match specific defendants and specific facts with each cause of action."); see also Ebrahimi v. City of Huntsville Bd. of Educ., 114 F. 3d 162, 165 (11th Cir. 1997) ("[Where plaintiffs engage in shotgun pleading], it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings ... would impede the orderly, efficient, and economic disposition of disputes."). Plaintiffs' complaint fails to associate its claim with the operative facts and to match specific Defendants with specific

facts.  The Complaint thus represents a classic case of the use of shotgun pleadings.

Plaintiffs' Complaint contains 72 paragraphs of alleged facts, and asserts seven Counts against the Defendant.  In the first paragraph of each Count, Plaintiff simply states that all allegations contained in the preceding paragraphs are incorporated by reference.  (See Complaint, ¶¶ 36, 49, 51, 57, 60, 66, 71).  Thus, Plaintiffs' incorporation of every allegation into every count renders the Complaint a shotgun pleading in violation of the practice of this Circuit.  The Eleventh Circuit has specifically held,

> The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts… contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.

Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Defendant has been required to sift through Plaintiff's Complaint and try to ascertain which facts relate to which Counts, and should this Complaint not be dismissed, the Court will be required to do the same.  Plaintiff's Complaint should therefore be dismissed

in its entirety because Plaintiffs have once again failed to state a proper claim against Defendants.

B. **Plaintiffs fail to allege sufficient facts to state a claim for unfair competition under the Lanham Act.**

Section 43(a) of the Lanham Act, codified in 15 U.S.C. §1125(a), embodies two overarching principles of the Act: "to make 'actionable the deceptive and misleading use of marks,' and 'to protect persons engaged in . . . commerce against unfair competition.'" Datastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 29, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003)(quoting 15 U.S.C. § 1127). To that end, Section 43(a) provides "two bases of liability: (1) false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device ('false association'), and (2) false representations in advertising concerning the qualities of goods or services ('false advertising')." Serbin v. Ziebart Int'l Corp., Inc., 11 F.3d 1163, 1173 (3d Cir. 1993).

Further, Courts measure "federal trademark infringement, 15 U.S.C § 1114, and federal unfair competition,15 U.S.C. § **1125(**a)(1)(A), by identical standards." A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir.

11

2000). To establish a violation of either Lanham Act section, "a plaintiff must show that: (1) the mark is valid and legally protectable; (2) *the mark is owned by the plaintiff*; and (3) the defendant's use of the mark is likely to create confusion concerning the origin of the goods or services.'" <u>Freedom Card, Inc. v. JPMorgan Chase & Co.</u>, 432 F.3d 463, 470 (3d Cir. 2005)(quoting A & H Sportswear, Inc., 237 F.3d at 210)

In the instant matter, Count one of the Plaintiffs' Complaint asserts a federal claim of unfair competition alleging ownership of a trademark[2] of some unspecified kind on "I Plead the Fifth" in relation to spring break events, particularly those hosted in Miami, Florida, area (Complaint ¶ 25).  However, Plaintiffs failed to allege facts that (1) "I Plead The Fifth" is a valid and legally protectable mark; and (2) that Plaintiffs own the "I Plead The Fifth" Mark Under section 1125(a)(1)(A). These omissions of prima facie elements of an infringement claim under 15 U.S.C. § 1125(a)(1)(A)render Plaintiff's Complaint defective and require dismissal of this claim. While Plaintiffs would argue that the Lanham Act § 43(a)(1)(A) does not explicitly require that the Plaintiffs be the owner of a

---

[2] It is certain that the Plaintiffs have not registered the trademark and perhaps are proceeding on some common law theory, but as indicated earlier the court can only surmise that such is their theory and therefore the lack of clarity in the pleadings is fatal.

protectable mark, courts have decided there is no other way that the requisite likelihood of confusion, deception or mistake can occur. See Ohio State University v Skreened, LTD. et al. 2014 WL 1576882.   Moreover, the Plaintiffs have failed to provide a factual basis to support their claim of ownership of either slogan, "I Plead the Fifth" or "What Happens in Miami Stays in Miami."

Additionally, the Plaintiffs have failed miserably in their attempt to meet the third prong.  This third prong asks whether there is a likelihood of confusion among consumers regarding the origin of the goods or services offered by the parties.  The Sixth Circuit has set forth eight factors that guide the likelihood-of-confusion inquiry: (1) the strength of Plaintiffs mark: (2) the relatedness of the goods: (3) the similarity of the marks: (4) evidence of actual confusion: (5) the marketing channels used: (6) the likely degree of purchaser care: (7) Defendants' intent in selecting the mark: and (8) the likelihood of expansion of the product lines. See AutoZone, Inc. v. Tandy Corp. 373 F.3d 786, 792-93 (6th Cir. 2004).

Plaintiffs have failed to plead any facts that would guide this court through this likelihood-of-confusion inquiry. Further, the Plaintiffs have failed to set forth a factual basis

13

to support any of the factors enumerated above.  The Complaint fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory".  <u>Financial Sec. Assurance, Inc.</u> 500 F.3d at 1282-83.  As previously stated, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft</u>, 556 U.S. at 678.  Plaintiffs' Complaint completely fails to provide any factual content to establish a prima facie case of unfair competition under the Lanham Act.  Defendants thus have no notice of the claim or the grounds upon which it rests.  <u>See Erickson,</u> 551 U.S. at 93. Accordingly, Plaintiffs' Lanham Act claim of unfair competition should be dismissed. The remaining counts are pendent state claims and as such standing alone cannot sustain federal jurisdiction.  See <u>Finley v. United States</u>, 490 U.S. 545, 109 S. Ct. 2003, L. Ed. 593(1989).

**II.  PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS' FAILED TO PROPERLY SERVE DEFENDANTS DESMOND KEY AND YOUNG KINGS ENTERPRISES, INC.**

   **A. Plaintiffs failed to properly serve Defendant Desmond Key.**

In the United States District Court, Plaintiffs' failure to serve the corporate Defendant Young Kings Enterprises, Inc. actions is addressed by the Federal Rules of Civil Procedure 4(e).  They state in relevant part the following:

**(e) Serving Upon Individuals Within a Judicial District of the United States.** Unless otherwise federal law provides otherwise, an individual other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by:

(1) following state law serving summons in an action brought in the courts of general jurisdiction of the State where the district is located or where service is made; or

(2) doing any of the following:(A) by delivering a copy of the summons and of the complaint to the **individual personally;(B) leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing** therein: or (C) delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

15

Pursuant to the Federal Rules of Civil Procedure, as set forth above, Plaintiffs have failed to serve this complaint in a proper fashion.  On the face of the Return of Service, it shows that the Plaintiffs attempted service on Defendant Desmond Key, through process service, on April 10, 2014 at 5380 Longmeadow Lane, College Park, Georgia, 30349 by serving Helen Robertson. As a preliminary matter, Defendant Desmond Key does not reside nor make his usual place of abode at 5380 Longmeadow Lane, College Park, Georgia, 30349. Secondly, Helen Robertson is not an individual who can accept service on behalf of persons residing at the address because Helen Robertson does not live at 5380 Longmeadow Lane, College Park, Georgia, 30349.  Ms. Robertson was on the premises merely as an independent contractor providing a service to the residents of the premises. This service is insufficient under Federal Rules of Civil Procedure 4(e).  See <u>Jackson v Telford</u> 2006 WL 2559486. Therefore, Defendant Desmond Key moves that this action be dismissed.

**B. Plaintiffs have failed to properly serve Corporate Defendant Young Kings Enterprises, Inc.**

In the United States District Court, Plaintiff's actions are addressed by the Federal Rules of Civil Procedure

16

4(h)(1)(B).  The rule states, in relevant part, that service upon any domestic or foreign corporation, partnership, or Association be perfected in the following manner:

   (B) By delivering the summons and  of the complaint to an officer, managing agent, or general agent, or any other agent authorized by appointment or by law to receive service of process and –if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

It is clear that to effectively serve a corporation through an officer, manager, or general agent, the summons and complaint must be directed to and delivered to that person. In the instant matter, it is indicated on the face of the Return of Service that Helen Robertson was served instead of the Registered Agent Desmond Key.  Helen Robertson is not authorized by the corporation to accept service on behalf of the Corporation. She is not even employed by the corporation, but simply on the premises as an independent contractor serving an unrelated service.  See White v. Americas Services Company 461 Fed Appx. 842 (2012). Therefore, Defendant Young Kings Enterprises, Inc. move that this action be dismissed.

17

<u>**CONCLUSION**</u>

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiffs' Complaint fails to state a claim upon which relief can be granted and pursuant to Fed. R. Civ. Pro 12(b)(5) because of insufficiency of service of process.

Respectfully submitted this 29th day of April, 2014.

**LAW OFFICES OF PAT D. DIXON, III, LLC**

Pat D. Dixon, III
Georgia Bar No. 951561
p.dixoniiiesq@gmail.com

*/s/ Pat D. Dixon, III*
Pat D. Dixon, III
Georgia Bar No. 951561
p.dixoniiiesq@gmail.com
**Attorney for Korey Felder, Desmond Key, and Young Kings Enterprises, Inc.**

**LAW OFFICES OF PAT D. DIXON, III, LLC**
P.O BOX 551014
Atlanta, Georgia 30303
(404) 769-0844 (office)
(404) 739-4700 (fax)

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

T-12 Entertainment,LLC, and
Kareem Hawthorne

       Plaintiffs,

v.

Young Kings Enterprises, Inc.,
Ego Entertainment, LLC, Troy
Williams, Anthony Adighibe,
Charles Bryant Bourgeois, Desmond
Key, Dae'shawn Shelton, Fred
Clark, and Korey Felder

       Defendants.

CIVIL ACTION NO.
1:14-cv-00841-TCB

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of April 2014, a copy of the **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was electronically filed using Courier New 12 point type in accordance with Local Rule 5.1 B with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                         **/s/ Pat D. Dixon, III**
                         Pat D. Dixon, III
                         Georgia Bar. No. 951561

19